IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Floyd E. Brown,<br><br>        Plaintiff,<br><br>v.<br><br>City of Columbia; City of Columbia Police Department; David Hatcher; Stacy Harris; Shawn McNichols; Theresa Wilson,<br><br>        Defendants. | C/A No. 3:24-cv-884-JFA-PJG<br><br><br>**ORDER** |

  Plaintiff Floyd E. Brown ("Plaintiff"), proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The Complaint has been filed pursuant to 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

  After performing an initial review of the complaint, the Magistrate Judge assigned to this action notified Plaintiff of several deficiencies and gave him an opportunity to amend his pleadings. (ECF No. 13). Plaintiff failed to file an amended complaint as instructed but did file supplements to his original complaint. Thereafter, the Magistrate Judge conducted a review of the complaint and supplements pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, and prepared a thorough

Report and Recommendation[1] ("Report"). (ECF No. 22). Within the Report, the Magistrate Judge opines the Complaint fails to state a viable claim and is subject to summary dismissal. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on April 12, 2024. *Id.* The Magistrate Judge required Plaintiff to file objections by April 26, 2024. *Id.* Plaintiff failed to file any objections and the time for doing so has elapsed. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Complaint is subject to summary dismissal for failure to state a claim upon which relief can be granted.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 22). Consequently, this action is summarily dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

June 5, 2024                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                                United States District Judge